IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ROCKY L. CLEARY,**

    **Plaintiff,**

v.                                                **Civil Action No:** 2:11-0123
                                                 **(Judge_____)**

**TREN SERVICES, INC.**,

    **Defendant.**

## COMPLAINT

Plaintiff, Rocky L. Cleary alleges and says as follows:

1. That this is an action brought by the Plaintiffs on behalf of himself and others similarly situated to recover damages due and owing to them as a direct result of the defendants violation of Federal law known as the Fair Labor Standards Act for failure to pay minimum wage to employees pursuant to 29 U.S.C. 206, Fair Labor Standards Act, Section 6. This is an individual action, as well as a proposed collective action under 29 U.S.C. §216(b), for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of Defendant's commonly applied policy and practice of designating Plaintiff and other similarly situated employees who were not paid overtime in violation of federal and state wage and hour laws.

Plaintiffs bring this action in their individual capacity and as a class representative on behalf of all other similarly situated individuals of Tren Services, Inc. who were similarly affected by defendant's violation of the Act.

2. That the plaintiff, Rocky L. Cleary at all times material hereto, was a citizen and resident of Boone county, West Virginia and was employed by Tren Services, Inc.

3. That at all times alleged herein, Tren Services, Inc., was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Tren Services, Inc. operates a place of business known as the Toney Addition, in Lincoln County, West Virginia and is within the jurisdiction of this Court. Further Tren Services, Inc. is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

4. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendants may be found in this district and the challenged conduct occurred in this state.

6. Plaintiffs sue on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action." Plaintiff and the putative class are similarly situated in that they are all subject to Defendants common plan or practice of not paying minimum wage and other violations of said Act.

7. That during these times, the Defendants were fully aware of the exact duties and responsibilities assigned to Plaintiffs and knew or should have known that they were therefore illegally not paid for hours worked.

8. That during these times, Defendants were also fully aware of the law regarding the payment of wages.

9. Despite this knowledge Defendants willfully, and or negligently, failed and refused to correct its illegal actions and to pay minimum wage to said plaintiffs.

10. That in addition during this time the Plaintiff frequently worked more than forty (40) hours each week, but, despite his non-exempt job duties, he was never paid wages for hours actually worked in excess of forty (40) hours per week.

11. That the plaintiff, Rocky L. Cleary, began employment with Tren Services, Inc. on November 1, 2005, and has been continuously employed thereafter.

12. That without limitation the defendant would make the following specific wage and hour violations.

    a. Required to report at the main shop at Toney Addition at 6am.

    b. That at 6:00 am the plaintiff and others would be required to Load material and prepare trucks for the day's work.

    c. All employees then get in trucks and equipment and move to various jobsites sometimes up to 2 hours away.

    d. That the employer would not pay for this time but instead would not start paying the plaintiff or others until they arrived at the job site which was usually around 8:00 to 8:30am.

    e. That the employer would stop paying when they left the job site at the end of the day.

    f. That employees were driven two (2) to for (4) hours per day "off the clock" in employer vehicles.

    g. That the plaintiff has to perform daily paperwork at home which takes several hours but he is only paid for one (1) hour.

13. That Defendant in violation of said of Federal law failed to pay plaintiff, Rocky L. Cleary, wages and benefits due and owing, which were earned by the plaintiff, Rocky L. Cleary.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

14. That the preceding paragraphs are realleged as if restated herein.

15. Based on the foregoing, Defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO

### COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER

16. That the preceding paragraphs are realleged as if restated herein.

17. Based on the foregoing, Defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees and court costs.

**WHEREFORE**, the plaintiff demands:
   a. Judgment against the defendants for an amount equal to loss of all wages, plus interest;
   b. Liquidated damages;
   c. Attorney fees and costs; and
   d. Such further equitable and legal relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**ROCKY L. CLEARY**
By Counsel

*s/ J. Michael Ranson*
_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
**George B. Morrone, III State Bar # 4980**
RANSON LAW OFFICES
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990
jmr@ransonlaw.com


**G. Patrick Jacobs, State Bar # 1867**
Jacobs Law Offices
7020 MacCorkle Ave. S.E.
Charleston, WV  25304
pjacobs@bjblaw.com

Counsel for Plaintiff