IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROCKY L. CLEARY,

          Plaintiff,

v.                                          CIVIL ACTION NO. 2:11-cv-00123

TREN SERVICES, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the Motion by Rocky L. Cleary for Summary Judgment [Docket 20], Motion by Rocky L. Cleary for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA [Docket 22], and Motion by Tren Services, Inc. for Summary Judgment [Docket 24]. For the reasons discussed below, these motions are **DENIED**.

**I.    Introduction**

This case arises out of Mr. Cleary's employment at Tren Services, Inc. ("Tren Services"). Tren Services, owned by Ronnie Fleming, provides electrical services to mining companies. Mr. Cleary worked as a supervisor for Tren Services from 2005 to 2010. Mr. Cleary alleges that Tren Services violated the Fair Labor Standards Act ("FLSA") by failing to compensate him for hours worked in excess of forty per week. Specifically, Mr. Cleary claims that he should have

been paid for the travel time to and from his jobsite and for time he spent doing paperwork at his home.

### II.     Summary Judgment Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III. Summary Judgment Analysis

The FLSA "guarantee[s] compensation for all work or employment engaged in by employees covered by the Act." *Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602 (1944). The statute does not, however, define what constitutes compensable "work." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005). The Portal-to-Portal Act of 1947 narrowed the FLSA's coverage by stating that the following activities do not constitute compensable work:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). The regulations, however, outline exceptions to the general rule that travel time is not compensable:

> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice.

29 C.F.R. § 785.38. In addition, work performed at home is compensable work if the employer knows or has reason to believe that the work is being performed. 29 C.F.R. § 785.12.

Summary judgment is inappropriate in this case because material facts are in dispute. In support of both summary judgment motions, the parties submit the plaintiff's responses to the defendant's first set of combined discovery requests and request for admissions, Ronnie Fleming's deposition, Rocky Cleary's deposition, and Tren Services' payroll ledger as it applies

to Mr. Cleary. The payroll states the number of hours worked and the regular and overtime pay received. It does not identify the tasks being performed for the hours worked. The plaintiff, in his deposition and answers to interrogatories, alleges that: (1) he was required to report to Tren Services' office each workday before going to the job site; (2) after arrival, he and his coworkers would find out where they were going that day and load up the truck with supplies; (3) he drove from the office to the job site each workday and was not paid for this travel time; and (4) as a result, he worked more than 40 hours each week and was not paid for all the hours worked. In contrast, Mr. Fleming alleges in his deposition that: (1) the plaintiff, as a supervisor, was responsible for keeping time for himself and the men he worked with; (2) the employees had the option of meeting at the job site or carpooling together; (3) the defendant's policy was to pay drivers for travel time; and (4) the drivers were told that they would be paid for time that they drove.

With regard to the paperwork, the plaintiff in his interrogatory states: "that he would spend the time necessary to finalize the daily paperwork assigned to him and this work could take up to several hours to complete. Plaintiff states that this paperwork was part of every day's assignment and therefore was performed all the time while employed by the defendant." (Pl.'s Resp. to Def.'s First Set of Combined Discovery Reqs. and Req. Admis. [Docket 22-1], at 13.) Mr. Fleming claims that the supervisors were told to do their paperwork on the job, rather than at home. The evidence demonstrates that the parties present materially different versions of the facts, and neither party prevails as a matter of law taking the facts in the light most favorable to the other party. Accordingly, I **DENY** both parties' motions for summary judgment.

## IV. Conditional Class Certification

The FLSA provides for a collective action by plaintiffs who are "similarly situated." *See* 29 U.S.C. § 216(b). Section 216(b) does not define "similarly situated" and the Fourth Circuit has not clearly defined in the term in the context of FLSA claims. However, courts generally use a two-step approach to certify FLSA collective actions. *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D.Va. 2009). In the first phase, referred to as the notice phase, the court decides whether to provide initial notice of the action to potential class members. *Enkhbayar Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). Since the court usually has minimal evidence at this stage, the court uses a fairly lenient standard. *Id.* Phase two occurs if the defendant filed a motion for decertification, typically after discovery is largely complete. *Id.* at 563. At this stage, the court applies a heightened, fact specific standard to determine whether the proposed class members are similarly situated. *Id.*

In this instance, the plaintiff moved for conditional certification almost two weeks after discovery closed. Because the plaintiff had an opportunity to conduct discovery, I do not find it appropriate to apply the first phase of the certification analysis. *See Ledbetter v. Pruitt Corp.*, 5:05-cv-329, 2007 WL 496451, at *2 (M.D. Ga. Feb. 12, 2007); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D. N.J. 2000). Therefore, I apply the heightened, fact specific standard.

Mr. Cleary seeks certification of "all similarly situated employees of Tren in Harts, Lincoln County, West Virginia." (Mem. Supp. Pl.'s Mot. Conditional Certification and Ct.-Authorized Notice [Docket 23], at 1.) Mr. Cleary explains that Tren Services employs about fourteen individuals, including three supervisors and eleven linemen. In addition, he argues that all the employees reported to work at Tren Services' only business location each morning. And "[w]hile certain employees are 'classified' by Tren as Supervisors, they are actually more like

5

working foremen.  They collectively carry out the labor duties and responsibilities necessary to provide Tren's electrical services to its clients."  (*Id.* at 3.)

The evidence submitted is limited to the depositions of Mr. Cleary and Tren Services' president—Mr. Fleming, and Mr. Cleary's answers to the interrogatories.  In his deposition, Mr. Fleming states that he has fourteen employees—three construction supervisors and eleven others who are linemen, grunts, and ground men.  Normally, each project is staffed with a three-man crew including one supervisor and two other men.  During the time Mr. Cleary was employed at Tren Services, Mr. Fleming claimed that his policy was to pay the drivers (who were also the supervisors) for travel time.  He alleges that he did not pay his other employees for travel time, unless it was over an hour.  If it was over an hour, they were paid for travel time for one way of the trip.  Although Mr. Cleary discusses the similarity of his job duties to the duties of others employed by Tren Services in his deposition, he provides no evidence to contradict Mr. Fleming's assertion that Mr. Cleary was subject to a different compensation policy than most of his co-workers and therefore was not similarly situated.  Additionally, Mr. Cleary does not present any depositions, affidavits, or declarations from any other employees of Tren Services.  Consequently, I **FIND** that Mr. Cleary has failed to meet his burden of proof in coming forward with evidence that the plaintiff is similarly situated to his co-workers such that I should grant class certification.  Accordingly, his motion for certification is **DENIED**.

The court also notes that because discovery has closed, if the court granted certification it would have to amend the scheduling order to provide additional time for discovery.  Under the Federal Rules of Civil Procedure, "A schedule may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  The plaintiff has provided no explanation for filing

the motion for conditional certification approximately one year after filing the suit.  Therefore, the court **FINDS** that there is no good cause to amend the scheduling order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     April 9, 2012

                *[signature]*
                Joseph R. Goodwin, Chief Judge